BLD-142                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4503
_____

VAHAN MARTIROSYAN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A095 660 422
Immigration Judge:  Margaret R. Reichenberg

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 11, 2010

Before: McKEE, Chief Judge, RENDELL and CHAGARES, Circuit Judges.

(Filed:  May 20, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

Vahan Martirosyan has filed a petition for review of a decision by the Board of

Immigration Appeals ("BIA"), which denied his motion to reopen his removal

proceedings.  The government has filed a motion for summary denial of the petition for

review. We will grant the motion and deny the petition for review.

Martirosyan is a citizen of Armenia. He entered the United States in 2004 as an unaccompanied minor. He was charged with removal as an alien likely to become a public charge and as an immigrant whose visa was issued without compliance with the provisions of section 203 of the Immigration and Nationality Act. Martirosyan applied for asylum and related relief, but on February 27, 2007, an Immigration Judge found him to be removable, denied relief, and ordered his removal from the United States. On October 3, 2008, the BIA dismissed Martirosyan's appeal.

On March 27, 2009, Martirosyan filed a motion to reopen with the BIA. Martirosyan contended that the BIA failed to give proper weight to his youth at the time of the hearing (age seventeen) when conducting its review of the IJ's adverse credibility finding. A motion to reopen must normally be filed within ninety days of a final order. 8 C.F.R. § 1003.2(c)(2). The BIA noted that Martirosyan did not allege changed circumstances in Armenia and thus did not satisfy the section 1003.2(c)(3)(ii) exception to the time limit. The BIA also noted that the section 1003.2(c)(3)(iii) exception for a joint motion was not met because the government opposed the motion. Moreover, the BIA found no exceptional circumstance either to reopen the matter or, construing the motion as a motion to reconsider, to reconsider the matter sua sponte. Accordingly, the BIA denied as untimely Martirosyan's motion to reopen and the construed motion to reconsider.

This petition for review followed. Martirosyan has filed a motion for a stay of removal. The government has filed a motion for summary action and response in opposition to the stay motion. Martirosyan has filed a response to the government's motion.

We review the BIA's denial of a motion to reopen for abuse of discretion. Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). The BIA's decision will be upheld unless it was "arbitrary, irrational or contrary to law." Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

Martirosyan does not contest the BIA's findings that his motion did not allege a change in country conditions or that his motion was not "jointly filed" to show that a regulatory exception to the time limitations was applicable. Instead, Martirosyan argues that the BIA, in its October 3, 2008 decision, did not meaningfully address his youth at the time of the hearing in assessing his credibility, and that this failure warranted reconsideration. We disagree. The October 3, 2008 decision did address Martirosyan's arguments contesting the adverse credibility finding on the basis of his age. The BIA specifically determined that his youth did not provide a reasonable explanation for the inconsistency between his asylum application and his testimony. In particular, the BIA referred to the absence of testimony regarding an incident described in Martirosyan's asylum application involving his having been detained and beaten by police and having witnessed his mother being struck. Martirosyan suggests that the BIA should have taken

3

into account that many years elapsed between the time of the events in question and the date of the hearing, and that children may be unable to present testimony concerning their claims due to limited knowledge of their home country conditions, or because of cultural reasons, maturity level, or other reasons. However, because those factors do not explain why Martirosyan omitted from his testimony an event upon which his asylum application was based, we conclude that the BIA did not abuse its discretion in denying the motion to reopen or reconsider.

We add that Martirosyan argues that the agency "failed to recognize a legal disability as an exception to the time limitation placed on a motion to reopen or reconsider," namely, the legal disability of being an unaccompanied minor. Petitioner's Opposition To Respondent's Motion For Summary Denial at 3. We note that his argument relies on an analogy between the filing of an asylum application and a motion to reopen or reconsider, as he cites 8 C.F.R. § 1208.4(a)(5)(ii), a provision concerning extraordinary circumstances for failing to meet the deadline for filing an asylum application. In this case, where Martirosyan did not present this argument to the agency as a basis for an exception to the applicable deadlines, we decline to entertain the argument. In any event, we note that the application of any such exception would not be warranted here, where Martirosyan does not claim that he was a minor or under a legal disability at the time of the BIA's October 3, 2008 decision.[1]

---

[1] The record reflects that Martirosyan's date of birth was December 25, 1989.

Because this petition for review does not raise a substantial question, we grant the government's motion for summary action and will deny the petition for review.  See Third Circuit LAR 27.4 and I.O.P. 10.6.  We also deny Martirosyan's motion for a stay of removal.